**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SHANTEL PARRIA-SMITH                                    CIVIL ACTION

VERSUS                                                              NO. 19-7844

PRIMERICA LIFE INSURANCE CO. and                SECTION A (3)
METROPOLITAN LIFE INSURANCE CO., ET AL.

## ORDER AND REASONS

The following motion is before the Court: **Motion to Sever Claims Due to Misjoinder (Rec. Doc. 61)** filed by Primerica Life Insurance Co. The plaintiff, Shantel Parria-Smith, opposes the motion. The motion, submitted for consideration on October 26, 2022, is before the Court on the briefs without oral argument.

On June 24, 2018, Mr. Troy Smith died by a gunshot wound to his head. The plaintiff herein, Ms. Shantel Parria-Smith ("Shantel"), who was the decedent's wife, filed this lawsuit seeking life insurance benefits from two separate policies covering her late husband. One policy was issued by the movant Primerica Life Insurance Co. ("Primerica"); the other was issued by Metropolitan Life Insurance Co. Competing claims for the life insurance proceeds have been made not only by Shantel but also by Troy Smith's son, and a minor child represented by Smith's ex-wife.

Unfortunately, this three-year-old case was delayed because the authorities charged Shantel with murdering her husband. Because of the pending state criminal charges and the potential that they would impede discovery in this case, the Court determined that the prudent course of action would be to stay this matter in its entirety pending the outcome of the state criminal case. (Rec. Doc. 53, Minute Entry 1/23/20).

1

Ultimately, Shantel went to trial and was found not guilty. (Rec. Doc. 54, Unopposed Motion to Lift Stay at 3). On September 16, 2022, the Court reopened the case. (Rec. Doc. 55, Order). A scheduling order has been entered; a jury trial is set for May 22, 2023. (Rec. Doc. 59, Scheduling Order).

Primerica now moves to sever Shantel's claims against Metropolitan Life Insurance Co. based on the contention that the claims against the two life insurers—which are based on two different policies—are misjoined. Primerica contends that the only common fact in this case is that the insured died. According to Primerica, judicial economy is not served by keeping the claims together, defense costs will be increased, and there could be a significant risk of jury confusion.

Shantel disputes all of the contentions that Primerica makes in support of the severance, and adds some of her own.

The Court declines to exercise its discretion to grant the opposed severance. In fact, the Court is fairly certain that if Shantel had filed two separate lawsuits in this district against the insurers then the judge of the higher-numbered case would have sought to transfer the case under Local Rule 3.1.1 so that both cases were before the same judge for consolidated treatment. If any part of this case is ultimately tried to a jury, in all likelihood the issues will be narrow enough so as to avoid jury confusion, and if not, then the Court can consider severing certain parts of the case as the trial approaches.[1] At this juncture, however, the Court finds the prospect of a severance to be an unnecessary hardship on the plaintiff while conferring very little benefit to the

---

[1] Juries do not interpret insurance policies, courts do that. Juries determine factual disputes that may affect coverage. The factual issues that drive coverage, particularly with a life policy, are typically discrete and narrow.

2

defense. The issue of severance may be re-raised following motion practice once trial is imminent and the issues that remain for trial are identified.

Accordingly;

**IT IS ORDERED** that the **Motion to Sever Claims Due to Misjoinder (Rec. Doc. 61)** filed by Primerica Life Insurance Co. is **DENIED.**

October 27, 2022

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE