UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANTEL PARRIA-SMITH | CIVIL ACTION |
| VERSUS | NO. 19-7844 |
| PRIMERICA LIFE INSURANCE CO., METROPOLITAN LIFE INSURANCE CO. | SECTION A (3) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Amend Scheduling Order (Rec. Doc. 122)** filed by Metropolitan Life Insurance Co., and joined by Primerica Life Insurance Co. (at times collectively "the Movants"). The plaintiff, Shantel Parria-Smith, opposes the motion. The motion, submitted for expedited consideration on March 1, 2023, is before the Court on the briefs without oral argument.

This case involves two life insurance policies, one of which may be subject to a suicide exclusion, coverage for accidental death and dismemberment benefits, for which coverage may not apply if the decedent died by suicide, and competing claims by the primary and contingent beneficiaries.[1] The Movants seek relief from the current scheduling order—relief to which the plaintiff is opposed.

---

[1] Under Louisiana law, the party claiming coverage under a policy has the burden of proving that her loss is covered by the policy. If she meets that burden, then the insurer will have the burden of proving any applicable policy exclusions. *Maldonado v. Kiewit Louisiana Co.*, 146 So. 3d 210, 218 (La. App. 1st Cir. 2014) (citing *Miller v. Superior Shipyard & Fab., Inc.*, 859 So. 2d 159, 162 (La. App. 1st Cir. 2003; *Doerr v. Mobil Oil Co.*, 774 So. 2d 119, 124 (La. 2000)).

   The Complaint mentions only life insurance and does not even allude to benefits for accidental death and dismemberment. Troy Smith had coverage under the MetLife policy for accidental death and dismemberment ("ADD"), which if triggered would result in an additional $130,000.00 in proceeds. The plaintiff seeks those proceeds. Thus far MetLife

On June 24, 2018, Mr. Troy Smith died by a gunshot wound to his head. The plaintiff herein, Ms. Shantel Parria-Smith ("Shantel"), the decedent's wife, filed this lawsuit seeking life insurance benefits from two separate policies covering her late husband. One policy was issued by Primerica Life Insurance Co. The other was issued by Metropolitan Life Insurance Co. ("MetLife"). MetLife had in place a group policy (with a life insurance benefit) issued to Troy Smith's employer, the Jefferson Parish Sheriff's Office ("JPSO").

Competing claims for the life insurance proceeds have been made by not only Shantel but also by Troy Smith's sons, Dominic Smith and Gabriel Smith ("the Smiths"). In addition, American Funeral Financial, LLC has made claims against all parties for payment of Troy Smith's funeral expenses. Shantel is the primary beneficiary on the life insurance policies but to date the death benefits have not been paid to her. The MetLife life insurance benefit has no exclusions upon which the insurer can rely. Thus, the life insurance proceeds will be paid to either Shantel as primary beneficiary (100%) or to the Smiths as contingent beneficiaries (50% / 50%). MetLife therefore has no interest in the life insurance proceeds. The Court granted MetLife's motion to deposit the life insurance proceeds plus interest into the registry of the Court; the plaintiff had opposed that relief by raising numerous arguments that lacked any merit whatsoever. (Rec. Doc. 102, Order and Reasons).

The Primerica policy was still in its contestability period when Troy Smith died. But Primerica has now concluded its contestable claim investigation and determined that the policy was properly issued. (Rec. Doc. 131-1, Reply at 2). Unlike the MetLife

has not raised the issue that the ADD claim was not pleaded and that the deadline for amending pleadings has passed.

policy, the Primerica policy does include a suicide exclusion. Primerica has not yet determined whether it will seek to deny coverage based on that exclusion.

The shooting death of Troy Smith was investigated by the Jefferson Parish Sheriff's Office Homicide Division. Shantel was arrested and charged with the second degree murder of Troy Smith. Louisiana law prohibits a beneficiary from receiving life insurance benefits when that beneficiary is adjudged either to be criminally responsible for the insured's death or to have participated in the intentional, unjustified killing of the insured. La. R.S. § 22:901(D)(1)(a), (b). This "Slayer Rule" is intended to prevent someone who kills the insured from financially benefiting from his death. *Pruco Life Ins. Co. v. Breen*, 289 F. Supp. 3d 777, 789 (E.D. La. 2017), *affirmed*, 734 Fed. Appx. 302 (Aug. 15, 2018) (unpublished).

Because of the pending state criminal charges and the potential that they would impede discovery in this case, the Court determined that the prudent course of action would be to stay this matter in its entirety pending the outcome of the state criminal case. (Rec. Doc. 53, Minute Entry 1/23/20). The Court stayed and administratively closed the case pending the conclusion of the criminal case.

The criminal trial lasted ten days with the State calling 32 witnesses. On August 26, 2022, a Jefferson Parish jury returned a verdict of Not Guilty. On September 16, 2022, the Court reopened this case. (Rec. Doc. 55, Order). The Court has already denied as premature two motions for summary judgment filed by Shantel, including one that she filed before she was deposed in this matter.

A jury trial is set for May 22, 2023. (Rec. Doc. 59, Scheduling Order). The Movants seek to extend the remaining scheduling order deadlines so that they can

make a claims determination as to disputed benefits. The Movants argue that the current Scheduling Order has proved to be too aggressive because there are several important pieces of evidence that have been difficult to obtain (such as the criminal court's sealed file), and because engaging a forensic pathologist to rebut the plaintiff's experts has presented its own difficulties. Additionally, citing this Court's observations in a prior ruling, the Movants also seek a protective order as to all discovery based on allegations of bad-faith, contending that such discovery is a waste of time in this case.[2]

Shantel opposes the relief sought arguing that the case is simple—whether Troy Smith died by murder, suicide, or accident—and that the uncontroverted scientific and expert evidence shows that the manner of death was accidental. Shantel also argues to the Court (once again) that the insurers have had four and half years to investigate Troy Smith's death and to gather evidence so they should not be allowed any additional time.

---

[2] In its February 3, 2023 Order and Reasons addressing MetLife's motion to deposit interpleader funds, the Court stated as follows:

> Shantel's claim for statutory damages, penalties, and attorney's fees is puzzling. Shantel was charged with second degree murder shortly after Troy Smith's death in 2018. Her criminal case was not resolved until August 2022, nearly four years later. MetLife cannot be liable for failing to pay Shantel life insurance benefits while the criminal charges were pending. This case was stayed and closed until September 16, 2022, after which third-party claims and cross claims were filed as to the insurance proceeds. Thus, even after the criminal case was resolved, the contingent beneficiaries' claims for the life insurance benefits prevented Shantel from receiving payment. In other words, as of today MetLife could not pay Shantel the benefits to the exclusion of the contingent beneficiaries even if it wanted to. Given that MetLife does not dispute that it owes interest on the $130,000.00 benefit, and given that Shantel argued in her opposition that a partial deposit was not necessary, the Court is at a loss to understand the basis for Shantel's claim for damages, penalties, and attorney's fees as to MetLife.

(Rec. Doc. 102, Order and Reasons at 6-7 n.6).

This latter argument is no more persuasive to the Court at this time than it has been on the numerous prior occasions when Shantel raised it in opposition to every motion that the Court has addressed thus far. This civil lawsuit was stayed until September 16, 2022, due to the criminal case, which as the Court has already explained, was brought by the District Attorney without involvement from any party to this case. Shantel, who was the only person present when Troy Smith was shot, was only recently deposed about the death (it is the Court's understanding that Shantel did not testify at the criminal trial), portions of the criminal file are not publicly available, and the insurers have sought those materials from Shantel, which were ordered by the magistrate judge to be produced by March 1, 2023. (Rec. Doc. 120, Order and Reasons). Primerica had to file a contested motion in order to obtain that relief from Shantel.

Moreover, as the Court noted in footnote 1 above, Shantell is pursing the ADD benefits under the MetLife policy but this claim was not included in the Complaint. This claim complicates the case because while suicide would be Primerica's burden to prove as an exclusion under its policy, accidental death (in other words, death not by suicide) would be Shantel's burden to prove under MetLife's policy. When the Court denied Primerica's motion for a severance in October 2022 in accordance with the plaintiff's wishes, the issue of the conflicting burdens of proof was not raised. (Rec. Doc. 64, Order and Reasons). Further, Shantel is pursuing bad-faith claims against the insurers and these potentially meritless claims, see footnote 2 above, have surely impacted trial preparation.

As to Shantel's argument that the uncontroverted scientific and expert evidence shows that the manner of death was accidental, the only certainty at this juncture is that the State did not prove beyond a reasonable doubt that Shantel was guilty of second-degree murder in the death of Troy Smith. Whether the Smiths or any other party can prove by a preponderance of evidence what the State failed to prove in a two-week trial is certainly questionable. As to whether Troy Smith's death was "accidental," the Court has already pointed out that Shantel's experts, particularly Schiro and Sandomirsky, have offered no explanation in their "reports" as to why they concluded that the death was accidental. (Rec. Doc. 118, Order at 1 n.1). Meanwhile, attached to Shantel's opposition is a transcript from an interview by the Sheriff's Office in which a witness produced texts from Shantel suggesting that Troy Smith had killed himself. (Rec. Doc. 130-1).

The Court is persuaded that the remaining scheduling order deadlines should be extended as prayed for. The Movants have not suggested appropriate new deadlines, however. Whether the current trial date can be maintained will depend on the timing and complexity of whatever dispositive motions are filed. The Court will need sufficient time in advance of trial to address all motions that are ultimately filed.

Finally, the Court will not issue a protective order as to all discovery based on allegations of bad-faith. Although the Court can see no path for the plaintiff to recover on those claims, MetLife has filed a motion for summary judgment on the merits of the bad-faith claims and that motion is scheduled for submission on March 15, 2023. If that motion is granted then all discovery related to the bad-faith claims will become irrelevant to any issue in this case.

Accordingly;

**IT IS ORDERED** that the **Motion to Amend Scheduling Order (Rec. Doc. 122)** filed by Metropolitan Life Insurance Co., and joined by Primerica Life Insurance Co. is **GRANTED IN PART AND DENIED IN PART** as explained above. The motion is denied as to a protective order relative to discovery based on allegations of bad-faith. The motion is granted insofar as the remaining scheduling order deadlines will be extended.

**IT IS FURTHER ORDERED** that a status conference with the Court is set for **Thursday, March 16, 2023, at 10:30 a.m.** in chambers to discuss the new deadlines implicated by this ruling and whether the current trial date remains viable.

March 6, 2023

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE